UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GRANT KAISER and
JOHN FURNISH,
    Plaintiffs,

V.

CIVIL ACTION NO.
21-10590-MBB

WILLIAM DEAN KIRCHICK, CAROL
RUDNICK KIRCHICK, Individually and as
Trustee of the 41 Seaview Terrace
Real Estate Trust, and RONALD
STEVEN RUDNICK,
    Defendants.

**MEMORANDUM AND ORDER RE:**
**DEFENDANT RONALD RUDNICK'S MOTION TO QUASH AND/OR IN THE**
**ALTERNATIVE MOTION FOR A PROTECTIVE ORDER REGARDING**
**THE DEPOSITIONS OF ATTORNEYS WILLIAM HENCHY AND WILLIAM**
**RILEY (DOCKET ENTRY # 112); DEFENDANTS WILLIAM AND**
**CAROL KIRCHICK'S MOTION FOR A PROTECTIVE ORDER TO PREVENT**
**THE DEPOSITIONS OF THEIR FORMER ATTORNEYS, WILLIAM**
**RILEY AND WILLIAM HENCHY**
**(DOCKET ENTRY # 113)**

**April 12, 2022**

**BOWLER, U.S.M.J.**

Pending before this court are two motions seeking to bar depositions of two former attorneys of defendants Ronald Steven Rudnick ("Rudnick") and/or William and Carol Kirchick ("the Kirchicks") (collectively "defendants"). (Docket Entry ## 112, 113). Plaintiffs Grant Kaiser and John Furnish ("plaintiffs") oppose the motions. (Docket Entry ## 122, 123). After conducting a hearing on April 4, 2022, this court took the motions (Docket Entry ## 112, 113) under advisement.

I.  <u>The Kirchicks' Motion for a Protective Order</u>

The Kirchicks seek a protective order precluding "the depositions of [their] former attorneys, William Riley and William Henchy." (Docket Entry # 113). They point out that neither attorney has "any new or significant information" and the depositions are designed to harass, oppress, and burden the Kirchicks as well as increase the expense of this litigation. (Docket Entry # 115-1). Plaintiffs maintain the attorneys were "key players" in the Kirchicks and Rudnick's harassment campaign to coerce plaintiffs to cut down two pear trees on their property. (Docket Entry # 122). The purported harassment campaign included legal proceedings. (Docket Entry # 1).

<u>DISCUSSION</u>

A deposition subpoena issued under Fed. R. Civ. P. 45 ("Rule 45") "fall[s] within the scope of proper discovery under Fed. R. Civ. P. 26(b)(1)," <u>In re New Eng. Compounding Pharmacy, Inc. Prods. Liab. Litig.</u>, MDL No. 13-2419-FDS, 2013 WL 6058483, at *4 (D. Mass. Nov. 13, 2013), and Fed. R. Civ. P. 26(b)(2) ("Rule 26(b)(2)"). See <u>Cates v. Zeltiq Asethetics, Inc.</u>, Civil Action No. 20-mc-91234-NMG, 2020 WL 5517457, at *2 (D. Mass. Sept. 14, 2020) (setting out Rule 26(b)(2)(C)'s requirements in context of Rule 45 deposition subpoena). Federal Rule of Civil Procedure 26(b)(1) ("Rule 26(b)(1)") provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to

2

any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). In addition, this court must limit discovery where it is "unreasonably cumulative or duplicative, or can be obtained from some other source . . ." Fed. R. Civ. P. 26(b)(2).

Federal Rule of Civil Procedure 26(c) ("Rule 26(c)") allows a party to seek and obtain a protective order based upon a showing of good cause. Fed. R. Civ. P. 26(c). Under Rule 26(c), this court may issue an order "forbidding the . . . discovery" in order to protect the "party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). As the party seeking a protective order, the Kirchicks bear the burden of demonstrating good cause. Hardy v. UPS Ground Freight, Inc., No. 17-30162-MGM, 2018 WL 6832083, at *2 (D. Mass. Dec. 27, 2018); see also Gill v. Gulfstream Park Racing Ass'n., Inc., 399 F.3d 391, 402 (1st Cir. 2005) (good cause is flexible standard requiring "'individualized balancing of the many interests that may be present'") (citation omitted). Relatedly, this court is endowed with "broad discretion" under Rule 26(c) "to decide when a protective order is appropriate and what degree of protection is required." Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984); see IDS Prop. Cas. Ins. Co. v. Gov't Emp. Ins. Co., Inc., 985 F.3d 41, 50 (1st Cir. 2021) ("[e]ven if district courts provide limited or no reasoning for

3

their orders," they possess "broad discretion" in "design[ing] protective orders"); see, e.g., Braga v. Hodgson, 605 F.3d 58, 59 (1st Cir. 2010) (affirming protective order precluding deposition and recognizing district court's "broad discretion in ruling on pre-trial management matters" and First Circuit's review of "district court's denial of discovery for abuse of its considerable discretion").

To date, discovery includes deposition testimony by the Kirchicks and Rudnick encompassing communications among Attorney Riley and plaintiffs' attorneys at the time. Discovery also yielded extensive document production, including documents concerning communications by Attorney Riley regarding placement of plaintiffs' mailbox and fence as well as documents circulated among Attorney Henchy, Attorney Riley, and defendants in 2017 and 2018 during the alleged harassment campaign, as noted by plaintiffs (Docket Entry # 122, pp. 5-6). (Docket Entry # 96, p. 26) (Docket Entry # 74-1, ¶¶ 19-22) (Docket Entry ## 1-14, 1-18, 122-7, 122-8). As a result, plaintiffs already have a significant and substantial portion of information related to the discovery they seek via the depositions (Docket Entry # 122) (identifying certain topics). Although plaintiffs maintain they need to ask Attorneys Riley and Henchy about the documents and matters pertaining to the alleged conspiracy, this court finds their depositions are unlikely to provide materially new

information and, accordingly, are to a degree, unreasonably cumulative. Overall, the depositions are neither materially important to resolve the issues nor crucial to plaintiffs' case. For these and other reasons, the Kirchicks have shown good cause within the meaning of Rule 26(c) and the motion (Docket Entry # 113) is therefore allowed.

As a final matter, for reasons more fully elaborated in Roman numeral II, it is not necessary to determine whether a three-part test used in Shelton v. Am. Motors Corp., 805 F.2d 1323, 1327 (8th Cir. 1986), does not apply to former counsel, as argued by plaintiffs (Docket Entry # 122, pp. 7-8), because the result is the same regardless of whether the test applies, namely, allowing the Kirchicks' motion. Furthermore, this court has considered the various concerns raised in deposing an attorney of a party in the course of determining that the Shelton test is not met as to the depositions of Attorneys Henchy and Riley.

II.  Rudnick's Motion to Quash or for a Protective Order

Citing Rule 26(b)(2), Rudnick asks this court to quash the deposition subpoenas of Attorneys Henchy and Riley noticed by plaintiffs. Rudnick argues, in part, that this "[c]ourt should balance the Plaintiffs' need for conducting" the "depositions with the burden" the discovery imposes. (Docket Entry # 112). Plaintiffs assert that "legal action was a vital part of the

defendants' harassment campaign against Plaintiffs" and that these attorneys possess "highly relevant," non-privileged, and crucial information. (Docket Entry # 123).

Initially, plaintiffs submit that Rudnick's reliance on the three-part test used in Shelton, 805 F.2d at 1327 (requiring party seeking to depose attorney show (1) no other means to obtain information; (2) information is relevant and nonprivileged; and (3) crucial to prepare case), is incorrect. (Docket Entry # 123, pp. 6-7). Citing Abiomed Inc. v. Maquet Cardiovascular LLC, Civil Action No. 1:16-10914-FDS, 2017 WL 11625640, at *2 (D. Mass. Oct. 6, 2017) ("crucial factor in determining whether the Shelton test applies is the extent of the lawyer's involvement in the pending litigation"), plaintiffs maintain Shelton does not apply because Attorneys Henchy and Riley formerly represented Rudnick and/or the Kirchicks in prior matters involving the alleged harassment of plaintiffs and, significantly, are not representing Rudnick and/or the Kirchicks in *this* litigation. (Docket Entry # 123, pp. 6-7). The First Circuit uses a "similar test" to Shelton for current counsel. Abiomed, 2017 WL 11625640, at *2 n.3 (citing Bogosian v. Woloohojian Realty Corp., 323 F.3d 55, 66 (1st Cir. 2003)).

Here, the Shelton test is not met and the analysis under Rule 26(b) also precludes the depositions. Because the result is the same regardless of whether Shelton governs depositions of

6

former counsel, it is not necessary to decide the issue.  That said, depositions of opposing counsel "are generally disfavored," Abiomed, 2017 WL 11625640, at *2 (citing Bogosian, 323 F.3d at 66), and engender disruptions, delays, and added costs.  See RP Mach. Enter., Inc. v. UPS Capital Bus. Credit, Civil Action No. 05-40200-FDS, 2006 WL 8458644, at *4-5 (D. Mass. Nov. 1, 2006) (quoting Shelton, 805 F.2d at 1327).  Deposing a party's former counsel poses similar concerns, which this court has considered in determining the Shelton test is not met.

Rule 45(d)(3) requires a court to quash a subpoena that "subjects a person to an undue burden" or "requires disclosure of privileged" matters absent a waiver.  Fed. R. Civ. P. 45(d)(3)(A).  As explained in Roman numeral I, a Rule 45 deposition subpoena is subject to "the scope of proper discovery under Fed. R. Civ. P. 26(b)(1)," New Eng. Compounding Pharmacy, 2013 WL 6058483, at *4, and Rule 26(b)(2).  See Cates, 2020 WL 5517457, at *2.  Under Rule 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  Pursuant to Rule 26(b)(2), this court must limit discovery where, as here, it is "unreasonably cumulative or duplicative, or can be obtained from some other source . . ."  Fed. R. Civ. P. 26(b)(2).

As explained in the ruling on the Kirchicks' motion (Docket

Entry # 113) in Roman numeral I, the depositions are unreasonably cumulative or duplicative of discovery already undertaken, and a substantial portion of the information sought via the requested depositions can and has been obtained by such discovery.  See Fed. R. Civ. P. 26(b)(2)(C).  The discovery undertaken to date also lessens the importance of the requested depositions in resolving the issues and the burden and expense outweigh, to a degree, its likely benefit.  See Fed. R. Civ. P. 26(b)(1).  The subpoenas are therefore quashed.  Having quashed the subpoenas, it is not necessary to address Rudnick's request for alternative relief in the form of a protective order preventing questioning regarding privileged matters during the depositions.

CONCLUSION

In accordance with the foregoing discussion, the motion to quash (Docket Entry # 112) and the motion for a protective order (Docket Entry # 113) are **ALLOWED,** and the depositions of Attorneys Henchy and Riley shall not go forward.

                                                          /s/ Marianne B. Bowler
                                                          **MARIANNE B. BOWLER**
                                                          United States Magistrate Judge